IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LINDA TURPEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 4:11CV537 |
| | § | |
| BAC HOME LOANS SERVICING, L.P., | § | |
| BANK OF AMERICA, N.A. , | § | |
| BANK OF AMERICA CORPORATION, | § | |
| and DEUTSCHE BANK NATIONAL | § | |
| TRUST COMPANY, | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATIONS OF**
**UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Linda Turpen's Motion to Remand (Dkt. 6). As set forth below, the Court finds that Plaintiff Linda Turpen's Motion to Remand (Dkt. 6) should be DENIED.

In June 2011, Plaintiff Turpen filed suit in state court, naming BAC Home Loans Servicing, L.P., Bank of America N.A., Bank of America Corporation and Deutsche Bank National Trust Company as Defendants. Defendants timely removed. The state court petition specifically states that the suit involves the enforcement of a settlement agreement in a previously filed suit and notes that the case should be assigned to the court in which the original suit was filed and settled. That original suit was styled *Linda Turpen v. BAC Home Loans Servicing, L.P. and Recon Trust Company N.A.*, 366-01954-2009 in the 380th Judicial District Court, Collin County, Texas. The settlement

1

agreement in the 2009 suit has a venue provision which provides as follows:

> Any and all future lawsuits filed by any Parties to this Agreement relating to the Property, the Loan, or the Loan Modification, including any lawsuits related to the enforcement of this Agreement shall be filed in the 366th Judicial District Court of Collin County, and any such lawsuit shall refer to this Lawsuit as a related action.

Dkt. 6-1 at PageID# 89.

The present lawsuit alleges breach of contract and wrongful debt collection against BAC Home Loans only. All Bank of America Defendants are sued for defamation, libel and gross negligence. BAC Home Loans and Deutsche are sued for violations of the Texas Finance Code, and all defendants are sued for Deceptive Trade Practice violations. It should be noted and may well be dispositive to the analysis here that Deutsche was not named in the earlier lawsuit and was not a party to the settlement agreement. Deutsche was the original holder of the note and appears to have assigned servicing rights to BAC Home Loans.

Plaintiff first asserts that the parties lack complete diversity. There is no doubt that Plaintiff is a citizen of Texas for diversity purposes. Further, Deutsche Bank is a citizen of New York. The issue raised by Plaintiff is the citizenship of BAC Home Loans Servicing L.P. at the time the lawsuit was filed. Plaintiff claims that BAC was a Texas limited partnership and thus a citizen of Texas for diversity purposes. BAC claims that it was a citizen of North Carolina.

As Defendants point out, citizenship must be determined based on the citizenship of each of BAC's partners. Defendants point out that the two partners of BAC were BANA LP, LLC and BAC GP, LLC, both owned by Bank of America, a North Carolina citizen. *See Harvey v. Grey Wolf Drilling, Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). In their response, Defendants attach the affidavit

of Lallique Howe who avers that BAC Home Loans Servicing LP was a limited partnership with only two partners, BANA LP, LLC and BAC GP, LLC, which are both wholly owned by Bank of America.  Dkt. 13-1.  According to Howe, BAC Home Loan Servicing merged with Bank of America on July 1, 2011.  *Id.*  The Court has further considered Defendants' supplemental affidavit stating their corporate citizenship from February 2011 until the removal of the suit.  Dkt. 29-1.  According to the supplemental affidavit, Bank of America, N.A. was the sole member of BANA LP, LLC and BAC GP, LLC from February 2011 until July 1, 2011.  *Id.*

This suit was filed in June 2011 and removed in August 2011.  Thus, the Court is satisfied that BAC Home Loan Servicing was a North Carolina citizen for purposes of diversity since the Court is directed to consider the citizenship of all partners – both limited and general – at the time of removal.  *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 110 S. Ct. 1015, 108 L. Ed.2d 157 (1990).

In making these findings, the Court has considered Plaintiff's Response and Objections to Defendants' Filing of Supplemental Affidavit Regarding Corporate Citizenship (*see* Dkt. 30).  The Court notes that Plaintiff's objections, while thorough and well-argued, still do not defeat the issue of diversity jurisdiction.

Although the original affidavit could have been clearer as to the fact of citizenship on the date of the original filing, the Court notes that this same issue has previously been addressed in this district in favor of BAC.  *See Sheikholestami v. BAC Home Loans Servicing L.P.*, 2011 WL 4916552 (E.D. Tex. 2011).  The Court is convinced that diversity has been met pursuant to the record before it.

As to the forum clause, Defendants argue that it violates public policy. Within the Fifth Circuit, a "forum selection provision in a written contract is *prima facie* valid and enforceable unless the opposing party shows that enforcement would be unreasonable." *Kevlin Servs. v. Lexington State Bank,* 46 F.3d 13, 14 (5th Cir. 1995) (quoting *M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 10, 92 S. Ct. 1907, 32 L. Ed.2d 513 (1972)). *See also Afram Carriers, Inc. v. Moeykens,* 145 F.3d 298, 301 (5th Cir. 1998). Unreasonableness exists where: (1) the agreement to the forum selection clause involved fraud or overreaching; (2) the complaining party will be effectively deprived of its day in court because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) the enforcement would contravene a strong public policy of the forum in which the plaintiff has brought suit. *Haynsworth v. The Corp.,* 121 F.3d 956, 963 (5th Cir. 1997) (citing *Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 595, 111 S. Ct. 1522, 113 L. Ed.2d 622 (1991) and *M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 17, 92 S. Ct. 1907, 32 L. Ed.2d 513 (1972)); *In re Millennium Studios, Inc.,* 286 B.R. 300, 306 (D. Md. 2002). *See also Klinghoffer v. Mama Fu's Noodle House, Inc.,* 2004 WL 2583632, at *3 (N.D. Tex. 2004) (quoting *M/S Bremen,* 407 U.S. at 17, 92 S. Ct. 1907).

Defendants note the prohibition in the Collin County rules which provide:

2.1     FILING

All civil cases shall be filed in rotating order. Forum shopping is prohibited. [1]

Plaintiff's case was assigned to the 380th District Court. The settlement agreement merely states that

---

[1] *See* http://www.co.collin.tx.us/district_courts/local_rules.jsp.

any lawsuits related to the enforcement of the agreement shall be filed in the 366th and such lawsuit shall refer to the earlier suit as a related action, which Plaintiff did in her petition.

Is this type of "forum shopping" a violation of public policy? Evidently, the Supreme Court of Texas holds in the negative, especially when both parties agree to a choice of forum to resolve disputes. *Presidio Indep. Sch. Dist. v. Scott*, 309 S.W. 3d 927 (Tex. 2010). The Court finds, however, that removal is not barred by the forum clause. Defendants simply miss the point in their two-page response to Plaintiff's motion. Deutsche cannot be bound since it was not a party to the agreement.

Remand is thus improper on grounds not raised by Defendants. Plaintiff waived her right to keep this suit in Collin County state court by joining Deutsche, which was not a party to the original lawsuit. Further, the Court believes that many of the causes of action raised by Plaintiff go beyond those matters relating to enforcement of the original suit or relating to the property. Plaintiff Linda Turpen's Motion to Remand. (Dkt. 6) should be DENIED, and the case shall proceed in this Court.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual

findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 9th day of February, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE